IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FRANK K. JOYNER, ET AL**                                                                           **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO. 4:19-CV-27-MPM-RP**

**GRENADA COUNTY, MISSISSIPPI AND**
**JOHN AND JANE DOES 1-10**                                                       **DEFENDANTS**

## **ORDER**

On April 24, 2020, Plaintiff Frank K. Joyner filed a Motion for Order to Compel. Docket 60. Plaintiff seeks an order compelling Defendants "to disclose the names and contact information for all pretrial detainees at the Grenada County Jail, Grenada, Mississippi, who were bonded out on February 13, 2017." *Id*. Additionally, Plaintiff requests additional time to investigate "what actually happened to the surveillance equipment" for the area where Ryan Taylor Joyner was detained including inspecting the equipment and potentially subpoenaing "Grenada County records pertaining to the purchase of such equipment and the replacement equipment alleged to now be in place." *Id*. Based on the results of this investigation, Plaintiff further requests "permission to add the DVR to their Exhibit List and to add their investigator, Mark Kimball, as an expert and fact witness." *Id*.

The Case Management Order entered on April 29, 2019, imposes the following discovery provision:

> [B]efore a party may serve any discovery motion, counsel must first [confer] in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). **Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.**

Docket 8 (emphasis supplied). Additionally, Local Uniform Civil Rule 7(b)(2)(C) requires that discovery motions be filed "sufficiently in advance of the discovery deadline to allow response

to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."

Plaintiff's expert designation deadline was November 4, 2019, and the parties' discovery deadline expired on February 21, 2020. *See* Docket 39 and "Text Order" entered on January 8, 2020. Because counsel did not request a telephonic conference to discuss this discovery dispute prior to filing the motion and further because the discovery and expert designation deadline have expired, Plaintiff's motion is **DENIED**.

**SO ORDERED**, this the 27th day of April, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE